IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N.Y

★ APR 16 2012 ★

LONG ISLAND OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------- x

NICHOLAS ZIROGIANNIS
on behalf of plaintiff and the classes
defined herein,

          Plaintiff,

    vs.

BSI FINANCIAL SERVICES, INC.,
also known as SERVIS ONE, INC.,

          Defendant.

-------------------------------------------------- x

*CV 12 1850*

**SUMMONS ISSUED**

**COMPLAINT – CLASS ACTION**

WEXLER, J

LINDSAY, M

## INTRODUCTION

1.    Plaintiff Nicholas Zirogiannis brings this action to secure redress for improper mortgage servicing and collection practices engaged in by defendant BSI Financial Services, Inc., also known as Servis One, Inc. ("BSI"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1692k (FDCPA).

3.    Venue in this District is proper because the events at issue occurred here.

## PARTIES

### Plaintiff

4.    Plaintiff Nicholas Zirogiannis resides in a home, which is his principal residence, and which he owns, in Melville, New York.

### BSI

5.    Defendant BSI is a corporation chartered under the law of Pennsylvania. It has offices at 1425 Greenway Drive, Suite 400, Irving, TX 75038. It is also known as Servis

1

One, Inc.

6.      Defendant BSI states on its web site (www.bsifinancial.com) that "BSI is the premier business process outsourcing provider specializing in mortgage subservicing, default management, loss mitigation, due diligence, REO and quality control services to over 240 lenders and investors."

7.      "Default management," "loss mitigation," and "REO services" involve loans that are delinquent. "REO" refers to loans where the lender has acquired the property securing the loan through foreclosure.

8.      On information and belief, the principal purpose of BSI's business is collection of delinquent debts, or it regularly engages in collecting delinquent debts.

9.      BSI has acquired servicing of more than 100 delinquent loans during the last year.

10.     BSI has been the plaintiff in more than 100 lawsuits seeking to enforce notes and mortgages.

11.     Defendant BSI uses the mails and telephone system in conducting its business.

12.     On information and belief, BSI acquired more than one mortgage obligation for the purposes of collection during the 12 months preceding the filing of this action.

13.     Defendant BSI is a debt collector as defined in the FDCPA.

## FACTS

14.     On or about May 20, 2007, plaintiff obtained a residential mortgage loan, secured by his principal dwelling, from National City Bank.

15.     On or about August 8, 2011, BSI sent plaintiff the documents attached as Exhibit A.

16.     Exhibit A pertains to the mortgage loan plaintiff originally obtained from National City Bank.

2

17.    At the time BSI acquired the account for collection and for some time prior, plaintiff was behind on payments.

18.    The documents in Exhibit A were the first documents plaintiff received from BSI.

19.    On information and belief, based on its contents, the documents in Exhibit A were the first documents that BSI sent to plaintiff.

20.    No other document containing the notices required by 15 U.S.C. §1692g was sent to plaintiff by BSI prior to or within five days after Exhibit A.

21.    Exhibit A sought to collect an alleged defaulted residential mortgage loan entered into for personal, family or household purposes and not for business purposes.

22.    The alleged defaulted residential mortgage loan is secured by plaintiff's principal dwelling, which is a single family home.

23.    The first involvement of BSI with the alleged loan was after it was allegedly in default.

24.    The documents in Exhibit A are standard form documents regularly used by defendant.

### COUNT I – FDCPA

25.    Plaintiff incorporates paragraphs 1-23.

26.    The documents in Exhibit A do not contain the notices required by 15 U.S.C. §1692g.

27.    No other document sent before or within five days thereafter contained such notices.

28.    Defendant thereby violated 15 U.S.C. §1692g.

29.    Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt**

3

collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-

**Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

30.     Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

31.     The class consists of (a) all natural persons (b) sent a document in the form represented by Exhibit A (c) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

32.     The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

33.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violated the FDCPA.

34.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit, debt collection abuse, and class action cases.

36.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

5

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

(1)     Statutory damages;

(2)     A declaration that <u>Exhibit A</u> violates the FDCPA;

(3)     Attorney's fees, litigation expenses and costs of suit;

(4)     Such other or further relief as the Court deems proper.


Abraham Kleinman

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)


## JURY DEMAND

Plaintiff demands trial by jury.


Abraham Kleinman

# EXHIBIT A

 **BSI Financial Services, Inc.**

314 S. Franklin Street
PO Box 517
Titusville, PA 16354
1-800-327-7861
814-217-1366 (e-fax)

ZIROGIANNIS, NICHOLAS
11 QUINTREE LN
MELVILLE, NY 11747

8/8/2011

### Notice of Assignment, Sale or Transfer of Servicing Rights

| Old Account Number: DBI-147350 | New Account Number: 347147350 |
|---|---|
| Property Address: 11 QUINTREE LN MELVILLE, NY 11747 | Unpaid Principal Balance: $150,392.00 |

You are hereby notified that the servicing of your loan, that is, the right to collect payments from you, is being transferred to BSI Financial Services, Inc. ("BSI").

The assignment, sale or transfer of the servicing of your loan does not affect any term or condition of the loan documents or mortgage instruments, other than the terms directly related to the servicing of your loan.

Your loan was previously serviced by American Servicing and Recovery Group, LLC. If you have any questions relating to the transfer of servicing from your previous servicer, call their customer service at (866) 561-5600 between 9:30 am to 5:30 pm, Mon - Fri EST.

Your new servicer's correspondence and payment address is
    BSI Financial Services, Inc.
    P.O. Box 517
    314 S. Franklin St.
    Titusville, PA  16354
    1-800-327-7861

Checks should be made payable to BSI Financial Services, Inc.

If you have any questions relating to the transfer of servicing to your new servicer, call 1-800-327-7861 between 8:00 a.m. and 8:00 p.m. (ET) Monday through Wednesday, 8:00 a.m. and 6:00 p.m. (ET) on Thursday, 8:00 am and 5:00 p.m. on Friday, and 10:00 a.m. and 2:00 p.m. on Saturday.

Effective 8/5/2011, American Servicing and Recovery Group, LLC, will not be accepting payments from you. Future payments must be sent to BSI Financial Services Inc. at the payment address listed above. If you are currently having your payments automatically withdrawn from your checking or savings account, they will stop that service on 8/5/2011. Please be sure to send a check to BSI Financial Services, Inc. for your next payment.

If you elect to continue having your payment automatically withdrawn, BSI will be glad to set you up on our Automatic Withdrawal Program. Please call in and ask for an ACH representative.

You will be receiving a monthly invoice in the mail from BSI. Payment options available at BSI are Western Union, ACH monthly, ACH weekly, ACH biweekly, Pay by Phone, Regular mail, UPS, and Fed Ex.

Disclaimer:    Licensed as Servis One, Inc. in the State of Florida
              Licensed as BSI Financial Services in the State of Wisconsin

You should be aware of the following information, which is set forth in more detail in Section 131 of the Truth-in-Lending Act (TILA).

Please let this serve as your notification and our disclosure as to the identity of the owner of your mortgage loan.

Dreambuilder Investments, LLC
30 Wall Street, 6th Floor
New York, NY 10005

**Dreambuilder Investments, LLC has extended a Discounted Settlement Offer to you (see enclosed letter).** Please contact BSI Financial Services, Inc. at 1-800-327-7861 to discuss as we have authority to act on behalf of Dreambuilder Investments, LLC.

INSURANCE: Please provide a copy of your insurance declaration page as proof of insurance to BSI Financial Services, Inc. For Escrow accounts, insurers need to send billing statements/invoices to BSI Financial Services, Inc.

You should also be aware of the following information, which is set forth in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605)

During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning servicing of your loan, your servicer must provide you with a written acknowledgement within 20 business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reason for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to the above address for BSI Financial Services, Inc.

Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A business day is a day on which the offices of the servicer are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirement of that section. You should seek legal advice if you believe your rights have been violated.

 **BSI Financial Services, Inc.**

*314 S. Franklin Street*
*PO Box 517*
*Titusville, PA 16354*
*1-800-327-7861*

# DISCOUNTED SETTLEMENT OFFER
## Offer Code: C1108-0101

ZIROGIANNIS, NICHOLAS
11 QUINTREE LN
MELVILLE, NY 11747                                                         8/8/2011

BSI Loan Number 347147350

### IF YOU ARE IN ACTIVE BANKRUPTCY, PLEASE DISREGARD THIS NOTICE

As the owner of your second mortgage or line of credit, Dreambuilder Investments, LLC has authorized BSI Financial Services, Inc. to offer you an opportunity to settle your mortgage loan at a discount.

Dreambuilder Investments, LLC designs custom solutions to help borrowers work though financial challenges and either stay in their homes or get a fresh start. Dreambuilder Investments, LLC is committed to helping borrowers during these difficult times. One of the ways they do this is by allowing borrowers to pay off their loans at substantial discounts. They can do this because they purchased your loan at a discount. Dreambuilder Investments, LLC uses that discount to help you pay off your mortgage and stay in your home or design another customized solution that would fit your unique needs.

Our records indicate that the amount owed on your loan is APPROXIMATELY $150,392.00. This is an estimate only and the actual amount due may be significantly higher.

Settlement Options:

Dreambuilder Investments, LLC would like to offer you following options:

- ☐ <u>Discounted Settlement:</u> One-time payment in the amount of $124,209.20 that will completely pay off and satisfy your loan. Payment must be received by 9/25/2011 to be eligible for this opportunity.

- ☐ <u>Early Discounted Settlement:</u> Settlements received prior to 8/25/2011 will be subject to an ADDITIONAL 10% discount. If you are able to make this payment by 8/25/2011, your settlement payment will be $111,788.28.

- ☐ <u>90-Day Settlement Plan:</u> Three monthly payments of $62,104.60 (Total = $186,313.80) that will completely pay off and satisfy your loan. The first settlement payment must be received by 9/25/2011 , the second payment must be received by 10/25/2011, and the full amount must be received by 11/25/2011.

Note:

If you are currently in Bankruptcy, please disregard this notice or have your bankruptcy attorney contact us so that we may work out an amicable solution with your attorney.

If you believe you are no longer responsible for this lien, please fill out the attached Borrower Response Form so that we may review your file and update our records.

**Other Options:**
Dreambuilder Investments, LLC also offers other types of Borrower Assistance Programs:

- [ ] Refinance Assistance Program: Assistance in refinancing and paying off your current loans. Subject to eligibility.

- [ ] Customized Payment Plan: Customized payment plan to suit your unique situation. In order to implement such a plan, it is critical that you contact us as soon as possible. We cannot help you if we do not understand your financial situation.

- [ ] Fresh Start Program: Enrollment in DBI's Seller Assistance or Property Purchase Programs. Dreambuilder Investments has helped hundreds of homeowners get out from under the weight of negative equity (owing more than your home is worth) and move on with their lives. In many cases, the best decision is remove the burden of high mortgage payments and get a fresh start. That decision can be difficult and is made even harder when you consider the time and energy involved with selling your property. DBI works directly with your senior lien holder, realtors and attorneys to assist you in selling your home and paying off your debt. Additionally, in some cases, we are able to purchase your home directly for what is currently owed regardless of what it is worth. Either way, our goal is to give you a fresh start and resolve your current situation in a way that is a win for all parties.

All of DBI's options are designed with you, the borrower in mind. Because we are a small company, you are not just a number to us. Since DBI purchased your loan at a discount, we can be flexible and create a solution that works for you. The key is Communication! If you do not talk to us, we cannot help you. No one will force you to do something that is not in your best interest. If you are uncertain or concerned, please contact us or have your attorney contact us and we can provide you any documentation you need.

Our goal is to help you move forward with hope instead of continuing to worry about tomorrow.

### What do you do next?

### Contact us so we can help you!

1) Have this letter in hand and Call BSI Financial Services, Inc. (your new servicer) at:

Customer Service: **1-800-327-7861** (Se habla Español)

Be ready to tell us if you:
- ✓ Accept one of the Discounted Settlement Offers
- ✓ Want to discuss one of the Borrower Assistance Programs
- ✓ Need more information / have questions

**Hours of Operation:**
Monday – Wednesday 8:00 A.M. – 8:00 P.M. ET
Thursday 8:00 A.M. – 6:00 P.M. ET
Friday 8:00 A.M. – 5:00 P.M. ET
Saturday 10:00 A.M. – 2:00 P.M. ET
Or
2) Email, Fax or Mail the Borrower Response Form (attached) to:
BSI Financial Services
Attn: Customer Service - DBI
314 South Franklin Street
Titusville, PA 16354

FAX: 814-217-1366
Email: DBI_CS@bsifinancial.com

 **BSI Financial Services, Inc.**

**Offer Code: C1108-0101**

### Borrower Response Form

Complete and return the attached Borrower Response form:
BSI Financial Services
Attn: Customer Service - DBI
314 South Franklin Street
Titusville, PA 16354

FAX: 814-217-1366
Email: DBI_CS@bsifinancial.com

ZIROGIANNIS, NICHOLAS
11 QUINTREE LN
MELVILLE, NY 11747

BSI LOAN #: 347147350
OFFER CODE: C1108-0101

<u>Contact Information:</u>

Your Name: _____   Relationship to Borrower: _____

Phone Number: _____ Type:   home   work   cell   other

Email address: _____

Mailing Address: _____

_____

<u>Option Selection</u>

Yes I want to take advantage of your offer and accept the following option:

☐  Discounted Settlement: 1 Payment of $124,209.20
☐  Easy Discounted Settlement 1 Payment of $111,788.28
☐  Settlement Payment Plan: 3 Payments of $62,104.60
☐  Refinance Program: Please send me an application
☐  Customized Payment Plan: Please send me an application
☐  Fresh Start Program: Please send me an application

☐  NO, I am unable to take advantage of your offer, but would like to speak to someone.  Please
    contact me.
☐  Your information is inaccurate.  Here's why: _____

## INSUFFICIENT PAYOFF FUNDS

Any payoff funds received by Dreambuilder Investments, LLC for an amount less than that required to settle the account in full, except in West Virginia, will be applied first to any loan payments delinquent or due, accrued interest, recoverable advances and fees. Any remaining funds will be applied to the principal balance of the account. The funds will be applied effective the day the payoff funds are received by Dreambuilder Investments, LLC. The account will not be considered paid in full even if the negotiable instrument received contains or is accompanied by language asserting such. By accepting a negotiable instrument, Dreambuilder Investments, LLC does not revoke its legal claim for all outstanding amounts due on the account. Interest will continue to accrue on the principal balance remaining on the account until the entire outstanding amount is paid in full.

In the case of insufficient funds, the issuer of the instrument will be contacted for any remaining amount due and now payable. Written authorization is required to credit a positive escrow balance to the payoff amount.

For accounts secured by property in the state of West Virginia: if the negotiable instrument is for an amount less than what is required to pay the account in full, the issuer will be contacted prior to the application of the instrument to the account.